UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 13-50022-JLV-3 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | **AMENDED ORDER ON DEFENDANT'S MOTION FOR CO-CONSPIRATORS' STATEMENTS** |
| vs. | ) | |
| | ) | |
| ROBERT DALE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | [DOCKET NO. 182] |
| | ) | |
| | ) | |

**INTRODUCTION**

Defendant Robert Dale Martin is before the court on a Second Superseding Indictment charging him with conspiracy to distribute 500 grams or more of cocaine and 100 kilograms or more of marijuana along with multiple other named and unnamed co-conspirators. See Docket No. 120. Mr. Martin moves the court for an order compelling the government to provide statements of co-conspirators immediately. See Docket No. 182. The government responded by agreeing to provide such statements one week in advance of trial, but otherwise resisting Mr. Martin's motion. See Docket No. 185. The Chief District Judge, the Honorable Jeffrey L. Viken, referred this motion to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 189.

## FACTS

The facts which are relevant to the pending motions are as follows. The drug conspiracy in this matter is charged in several different indictments in different case numbers. The court is not privy to the discovery in this matter, so there may be additional cases related to Mr. Martin's indictment that the court is not aware of.

Mr. Martin is charged in his case with co-conspirators Leslie Wayne Pond, Marvin Boltz, Tricia Lee Pond, Greg Lynn Pond, Charles Lee Richards, Kelcey L. Twiss, and Brandon Charles Schreiner. See Docket No. 121. The superseding indictment charges that both the cocaine and marijuana conspiracies began on or about January, 1993, and continuing up to the date of the indictment, which is September 24, 2013.

Ronald Two Bulls is charged in a separate, stand-alone indictment in CR 13-50021 with participating in both the conspiracy to distribute cocaine and the conspiracy to distribute marijuana. See CR. 13-50021, Docket No. 34. The superseding indictment in Mr. Two Bulls' case alleges that the conspiracies began in 2003 and continued up to February 20, 2013. Id.

Sam Bear Robe is also charged in a separate, stand-alone indictment in CR 13-50023 with participating in both conspiracies. See CR. 13-50023, Docket No. 35. The superseding indictment in Mr. Bear Robe's case alleges that the conspiracies he joined began in 2005 and continued up to February 20, 2013. Id.

In addition, a third case, CR. 13-50043, charges defendants Marlena Jo Pond, Harry John Steele, Karen Faith Boltz, Edward Joseph White Dress, Jr., Brian O. Little Bear, Tonya Lynn Provost, James Albert Colhoff, Greg Lynn Pond, and Kelsey Twiss, with participating in both conspiracies.  See CR. 13-50043, Docket No. 95.[1]  In this case number, the alleged date of the onset of the conspiracies is also January, 1993, continuing up to the date of the indictment, which is September 24, 2013.

Between all four case numbers, there are 16 total conspirators alleged by the government.  Of these, only two, Trish Pond and Sam Bear Robe, have entered into plea agreements with the government.  A jury trial in this matter is currently set for December 17, 2013.

## DISCUSSION

Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part as follows:

> (a) Government's Disclosure
>    (1) Information Subject to Disclosure.
>       (A) Defendant's Oral Statement.  Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a goverment agent if the government intends to use the statement at trial.

---

[1] Greg Pond and Kelsey Twiss were first charged as part of the indictment in Mr. Martin's case.  However, they were recently added to the superseding indictment in CR 13-50043, and will be dismissed as defendants from Mr. Martin's case.

3

> > (B) **Defendant's Written or Recorded Statement.** Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
> > (i) any relevant written or recorded statement by the defendant if:
> > –the statement is within the government's possession, custody, or control; and
> > –the attorney for the government knows–or through due diligence could know–that the statement exists;
> > (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
> > (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

See Fed. R. Crim. P. 16(a)(1)(A) and (B). Rule 16 goes on to clarify that the rule does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."

Section 3500 of Title 18, known as the "Jencks Act," provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery or inspection until said witness has testified on direct examination in the trial of the case.

See 18 U.S.C. § 3500(a).

Under Fed. R. Crim. P. 16 and 18 U.S.C. § 3500 ("Jenks Act"), the government is required to give the defendant copies of the defendant's own statements. As to statements by other witnesses, the government is required to provide copies of those statements only after the witness testifies upon direct examination. See Fed. R. Crim. P. 26.2; 18 U.S.C. § 3500. Earlier disclosure of a witness' statement which would reveal the identity of the cooperating witness is not required. United States v. Byrne, 83 F.3d 984, 990-91 (8th Cir. 1996). As to physical evidence, the government is required to allow defendant to inspect those items that (1) the government intends to use in its case in chief, (2) items the government should know are material to the defense, or (3) items which were taken from the defendant him- or herself. See Fed. R. Crim. P. 16(a)(1)(E) - (G).

Under Fed. R. Evid. 801(d)(2)(E), a statement made by a party's coconspirator during and in furtherance of the conspiracy is not hearsay when offered against the party. See FED. R. EVID. 801(d)(2)(E). In order to admit a coconspirator's statement against a defendant under Rule 801(d)(2)(E), the government must show: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the declaration was made during the course and in furtherance of the conspiracy. United States v. Bell, 573 F.2d 1040, 1043 (8th Cir. 1978).

Because a statement of a coconspirator is admissible as an admission against the defendant him- or herself, some courts have treated discoverability of

coconspirators' statements differently than the right to discovery of run-of-the-mill statements by other witnesses. For example, in United States v. Murgas, a district court held that statements of co-conspirators are discoverable pretrial only where the government does not intend to call the co-conspirators as witnesses at trial. United States v. Murgas, 967 F. Supp. 695, 713 (N.D.N.Y. 1997); United States v. Konefal, 566 F. Supp. 698, 707 (N.D.N.Y. 1983). Where the government does intend to call such co-conspirators as witnesses, the Jencks Act governs and does not require disclosure until the witness testifies. Murgas, 967 F. Supp. at 713.

This appears *not* to be the rule in this circuit. In United States v. Byrne, a codefendant argued on appeal that the district court had erred by not compelling discovery, pretrial, of a statement of her co-conspirator that was surreptitiously recorded without the co-conspirator's knowledge. United States v. Byrne, 83 F.3d 984, 990 (8th Cir. 1996). The Eighth Circuit held that the discovery of the statement was governed by Fed. R. Crim. P. 16 and that, under that rule, the government was not required to turn over the co-conspirator's statement because it was neither Byrne's own statement, nor was it a co-conspirator's statement in response to interrogation by a person known to him as a government agent. Id. at 990-91.

The government is correct that pre-trial discovery of co-conspirator's statements is not required in the Eighth Circuit nor is a pre-trial ruling as to admissibility of such statements required. Bell, 573 F.2d at 1043. Instead,

the procedure is for the district court to conditionally admit statements of co-conspirators after a defendant's objection at trial. Id. At 1044. The government must then prove up by a preponderance of the evidence that the statement was made by a co-conspirator during the conspiracy in furtherance of the conspiracy. Id. If, after conditionally admitting the statement, the government fails to carry its burden of shoring up the foundation for the admission of the statement, the court may declare a mistrial or give a cautionary instruction to the jury to disregard the statement. Id.

Here, the government has written that it believes it has already turned over all co-conspirators' statements except for grand jury testimony and investigating agents' memorandum. As to these two latter categories, the government represents that it will turn over these statements one week prior to trial or as available. This is more than the law requires of the government. Accordingly, it is hereby

ORDERED that Robert Dale Martin's motion to compel the government to disclose co-conspirator statements [Docket No. 182] is denied.

NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Fed. R. Crim. P. 59(a) Objections must be timely and specific in order to require review by the district court.

Dated October 14, 2013.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE